1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    JUAN RAMIREZ SANTOS,              )      No. C 08-3199 JSW (PR)
                                       )
10              Plaintiff,             )
                                       )
11        v.                           )      **ORDER OF SERVICE**
                                       )
12   R. GROUNDS, D. MANTEL, A.         )
     WILLIAMS, K. MENSING, R.          )      (Docket Nos. 2, 3, 5)
13   METCALFE AND S. DEATHRIDGE,       )
                                       )
14              Defendants.            )

15   _____

16

17        Plaintiff, a prisoner of the State of California incarcerated at Salinas Valley State

18   Prison ("SVSP") in Soledad, California, filed this civil rights complaint under 42 U.S.C.

19   § 1983 alleging violations of his Eighth and Fourteenth Amendment rights in the process

20   by which he was placed in administrative segregation.  In this order, the Court reviews

21   Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and orders service of the complaint

22   on Defendants.  Plaintiff's motion seeking appointment of counsel (docket no. 3) is

23   DENIED for the reasons stated below.

24                          **STATEMENT OF FACTS**

25        Plaintiff complains that he was placed in administrative segregation ("ad seg")

26   indefinitely without appropriate procedural safeguards.  In the complaint, Plaintiff

27   alleges that he was initially moved to administrative segregation, pending charges that he

28   had plans to assault staff, of which he was subsequently exonerated, although he was not

then removed from ad seg based on the committee's determination that there were enemy concerns with the inmate who had provided the confidential information that he was planning to assault staff.

Plaintiff further complains that he learned after the hearing that the charges were changed to a serious infraction: intent to manipulate staff, without any notice or the issuance of a rules violation report provided to him and that he remained in ad seg a year later, notwithstanding his expected release or transfer.  Plaintiff also contends that he was subjected to multiple hearings without an interpreter and that he is not fluent in English.

## DISCUSSION

I    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

II    <u>Legal Claims</u>

Plaintiff claims that the process by which he was subjected to a lengthy retention in ad seg violated his right to due process under the Fourteenth Amendment. Interests that are procedurally protected by the Due Process Clause may arise from two sources--

the Due Process Clause itself and the laws of the states.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  Although the hardship associated with administrative segregation is not so severe as to violate the Due Process Clause itself, *see Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986), changes in conditions of confinement may amount to a deprivation of a state-created and constitutionally protected liberty interest, provided the liberty interest in question is one of "real substance," *see Sandin v. Conner*, 515 U.S. 472, 477, 484-87 (1995), and, in particular, where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *see id*. at 484.  Indefinite placement in administrative segregation may amount to a deprivation of a liberty interest of real substance within the meaning of *Sandin*, i.e., an "atypical and significant hardship."  *See Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005).

When prison officials determine that a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that such officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. *See Toussaint*, 801 F.2d at 1100; *see also Wilkinson*, 125 S. Ct. at 2397 (determining prisoner constitutionally entitled only to informal, non-adversary procedures prior to assignment to "supermax" facility).  Due process also requires that an evidentiary basis exist for a prison official's decision to place an inmate in segregation for administrative reasons. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Toussaint*, 801 F.2d at 1104-05.  This standard is met if there is "some evidence" from which the conclusion of the administrative tribunal can be deduced. *Id.* at 1105.  Where a prisoner is confined to administrative segregation for an indeterminate period of time, prison officials must engage in some sort of periodic review of his confinement, *see Hewitt v. Helms*, 459 U.S.

3

460, 477 n.9 (1983); *Toussaint*, 801 F.2d at 1101, which must amount to more than "meaningless gestures," *Toussaint v. Rowland*, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989) (citing *Toussaint*, 801 F.2d at 1102).

Here, Plaintiff alleges that he was denied due process at the hearings he was subjected to and that prison officials had no basis for continuing to hold him in administrative segregation once he was exonerated of the charges against him and no notice was provided of alternative charges. Liberally construed, Plaintiff's allegations state a cognizable due process claim against the named Defendants.

However, Plaintiff has failed to state an Eighth Amendment claim for relief with regard to his placement in administrative segregation, *see Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Anderson v. County of Kern*, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (no contact with any other inmate in administrative segregation, either for exercise, day room access or otherwise not cruel and unusual punishment), or for the harassing statements by Defendant Deathridge to which he was allegedly subjected, *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment). Nor does his temporary placement in an "unsanitary" cell pending the hearing state an Eighth Amendment claim. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Anderson*, 45 F.3d at 1314-15 (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), *judgment vacated on other grounds*, 493 U.S. 801 (1989).

## MOTION FOR COUNSEL

Plaintiff has filed a motion seeking appointment of counsel to represent him based on the fact that he is not fluent in English and anticipates difficulties at trial without

counsel (docket no. 3).  However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525;  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*   Plaintiff's motion is DENIED without prejudice, for want of exceptional circumstances, as he as adequately presented his issues at this time and no hearings or trial are scheduled at this time (docket no. 3).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff states a cognizable claim against Defendants Grounds, Mantel, Williams, Mensing, Metcalfe and Deathridge.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon: **Defendants**

1  **Complex Warden R. Grounds; Captain D. Mantel; Correctional Counselor A.**

2  **Williams; Correctional Counselor K. Mensing, Acting Lieutenant and Sergeant R.**

3  **Metcalfe; and Sergeant S. Deathridge at Salinas Valley State Prison in Soledad,**

4  **California.**  The Clerk shall also serve a copy of this order on Plaintiff.

5       2.  In order to expedite the resolution of this case, the Court orders as follows:

6       a.  No later than **sixty (60) days** from the date of this order, Defendant

7  shall either file a motion for summary judgment or other dispositive motion, or a notice

8  to the Court that they are of the opinion that this matter cannot be resolved by dispositive

9  motion.  The motion shall be supported by adequate factual documentation and shall

10 conform in all respects to Federal Rule of Civil Procedure 56.

11      **Defendant is advised that summary judgment cannot be granted, nor**

12 **qualified immunity found, if material facts are in dispute.  If Defendant is of the**

13 **opinion that this case cannot be resolved by summary judgment, they shall so**

14 **inform the Court prior to the date the summary judgment motion is due**.

15 All papers filed with the Court shall be promptly served on the Plaintiff.

16      b.  Plaintiff's opposition to the dispositive motion shall be filed with the

17 Court and served on Defendant no later than **thirty (30) days** from the date Defendant's

18 motion is filed.  The following notice is for the benefit of all pro se litigants:

19      The defendants have made a motion for summary judgment
20 by which they seek to have your case dismissed.  A motion for
summary judgment under Rule 56 of the Federal Rules of Civil
Procedure will, if granted, end your case.
21      Rule 56 tells you what you must do in order to oppose
a motion for summary judgment.  Generally, summary
22 judgment must be granted when there is no genuine issue of
material fact--that is,  if there is no real dispute about any
23 fact that would affect the result of your case, the party who
asked for summary judgment is entitled to judgment as a
24 matter of law, which will end your case.  When a party you
are suing makes a motion for summary judgment that is
25 properly supported by declarations (or other sworn
testimony), you cannot simply rely on what your complaint
26 says.  Instead, you must set out specific facts in declarations,
depositions, answers to interrogatories, or authenticated

27

28 6

documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

c.  Defendant **shall** file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and Defendant or Defendant's counsel informed of any change of address by filing and serving a separate paper entitled "Notice of Change of Address" and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal

1    of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2          IT IS SO ORDERED.

3    DATED:   March 30, 2009

4                                            _____
                                            JEFFREY S. WHITE
5                                            United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    8